IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHAD MOREHEAD                                                                                           PLAINTIFF

v.                                            Civil No. 6:24-cv-06101

KATE PETERSEN, *et al*                                                                               DEFENDANT

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Plaintiff's Motion for Summary Judgment as to Defendant Amy Joy. ECF No. 10.[1] Defendant, Amy Joy ("Joy") has responded to the Motion. ECF No. 12, 13, 6:24-cv-6102. This matter has been referred to the undersigned, and it is now ripe for consideration.

**1.  Background:**

Plaintiff brings this *pro se* action alleging an action based on malicious prosecution and false pretenses. ECF No. 5, 6:24-cv-06102. Plaintiff alleges that Joy gave a "false affidavit" in connection with litigation filed by Joy's employer and Plaintiff's creditor, Blue Bridge Financial, Inc, in a state court action commenced in Saline County, Arkansas against Plaintiff and his company. *Id.*

On August 9, 2024, Plaintiff filed his Motion for Summary Judgement. ECF No. 10.[2] Joy responded and argues Plaintiff's Motion should be denied because (1) it is premature based on lack of proper service, (2) failure of Plaintiff to follow Fed. R. Civ. P. 56 and Local Rule 56.1, (3) is contrary to the unsupported statements of fact made by Plaintiff in his Motion, and (4) Plaintiff has failed to plead a proper cause of action. ECF No. 13, 6:24-cv-06102.

---

[1] This Court has previously Ordered that Civil No. 6:24-cv-06101, Civil No. 6:24-cv-06102, Civil No. 6:24-cv-06103, and Civil No. 6:24-cv-06104 are consolidated under Civil No. 6:24-cv-06101. ECF No. 20.
[2] Plaintiff failed to follow Local Rule 7.2 and 56.1 on motion practice by failing to file an accompanying brief with his Motion and failed to file a statement of material facts.

1

**2.    Discussion:**

Joy argues Plaintiff's Motion for Summary Judgment should be denied because it is premature based on lack of proper service. Joy alleges she has yet to be properly served with valid process in this matter. Plaintiff admits in his Motion, "Amy Joy has not been served."

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied", *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987). A federal court is without jurisdiction to render personal judgment against a defendant if service of process is not made in accordance with applicable federal or state statutory requirements. *Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir. 1982).

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Plaintiff's Motion for Summary Judgement (ECF No. 10) be **DENIED**.

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. See Thompson v. Nix, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **19th day of September 2024.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE