IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHAD MOREHEAD                                                                                        PLAINTIFF

v.                                         Civil No. 6:24-cv-06101

KATE PETERSEN, *et al*                                                                               DEFENDANT

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Defendant Amy Joy's ("Joy") Motion to Dismiss and Amended Motion to Dismiss. ECF No. 13, 15.[1] Plaintiff has responded to the Motion. ECF No. 19.[2] This matter has been referred to the undersigned, and it is now ripe for consideration.

**1.   Background:**

This matter was originally filed in the Circuit Court of Hot Spring County, Arkansas. On August 5, 2024, Defendant Joy removed this matter to the United States District Court for the Western District of Arkansas. ECF No. 2, Civil No. 6:24-cv-06102. Plaintiff brings this *pro se* action alleging an action based on malicious prosecution and false pretenses. ECF No. 5, Civil No. 6:24-cv-06102. Plaintiff alleges that Joy signed an affidavit that contained false information regarding loan payments made by Plaintiff. *Id.*

On August 21, 2024, Joy filed her Motion to Dismiss and Amended Motion to Dismiss. ECF No. 13, 15. Joy argues this matter should be dismissed because of improper service and based on failure of Plaintiff to state a claim to relief. *Id.*

---

[1] This Court has previously Ordered that Civil No. 6:24-cv-06101, Civil No. 6:24-cv-06102, Civil No. 6:24-cv-06103, and Civil No. 6:24-cv-06104 are consolidated under Civil No. 6:24-cv-06101. ECF No. 20.
[2] Although titled a Response, the pleading does nothing more than discuss Plaintiff's attempts to serve Joy and set forth alleged claims against Defendants counsel which have no relevance to this matter.

**2.    Applicable Law:**

When ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a federal district court should accept the allegations contained in the complaint as true. *See Young v. City of St. Charles,* 244 F.3d 623, 627 (8th Cir.2001). Further, any reasonable inferences from the complaint are drawn in favor of the nonmoving party. *See id.*

A motion to dismiss is properly granted when, based on the plaintiff's own allegations, it is clear that the defendant is entitled to judgment as a matter of law. *See Young,* 244 F.3d at 627. "Though *pro se* complaints are to be construed liberally, *see Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976), they still must allege sufficient facts to support the claims advanced." *Stone v. Harry,* 364 F.3d 912, 914 (8th Cir.2004). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is plausible on its face." *Id. (citing Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

**3.    Discussion:**

Fed.R.Civ.P. 8(a)(2) requires the Complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Detailed factual allegations are not required, but "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level...." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

This Court has given Plaintiff's *pro se* Complaint liberal construction in the light most favorable to Plaintiff, accepting as true all of his factual allegations. *Bell* at 572; *Eckert v. Titan Tire Corp.* 514 F.3d 801, 806 (8th Cir. 2008). However, even with such liberal construction, the

Court finds Plaintiff's complaint fails to fulfill the requirements of Rule 8 and fails to state a claim on which relief may be granted.

Plaintiff alleges a cause of action based on Malicious Prosecution and False Pretenses. ECF No. 5, Civil No. 6:24-cv-06102. To state a claim for malicious prosecution, Plaintiff must allege "(1) a proceeding instituted or continued by the defendant against the plaintiff; (2) termination of the proceeding in favor of the plaintiff; (3) absence of probable cause for the proceeding; (4) malice on the part of the defendant; and (5) damages." *Stokes v. S. States Co-Op, Inc.*, 651 F.3d 911, 915–16 (8th Cir. 2011) (quoting *Sundeen v. Kroger*, 133 S.W.3d 393, 395 (Ark. 2003)). A malicious prosecution claim can be asserted against a private individual. *See, e.g., Burkett v. Burkett*, 236 S.W.3d 563 (Ark. Ct. App. 2006).

Plaintiff also alleges a supposed cause of action based on false pretenses and refers to Ark.Code Ann. § 5–54–122. This is a criminal statute referring to filing of a false report with a law enforcement agency.

In this matter, the Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Rule 12(b)(6). The facts alleged do not under the most liberal construction amount to any cognizable claim against Joy and certainly not one based on malicious prosecution or false pretenses. Plaintiff's only claim in the Complaint is that Joy signed an affidavit that Plaintiff claims contained false information relating to loan payments. None of the allegations involve the institution of criminal proceedings on the part of Joy. Further there are no facts alleging the filing of a false report with any law enforcement agency or prosecuting attorney's office.

Because the Court finds Plaintiff failed to allege any facts which would allow him to be granted relief, the Court does not address the issue of failure of proper service of process.

**4.    Conclusion:**

Based upon the foregoing, the Court recommends Defendant Amy Joy's Amended Motion to Dismiss (ECF No. 15) be **GRANTED** and Plaintiff's Complaint be dismissed, and that Defendant Amy Joy's Motion to Dismiss (ECF No. 13) be **DENIED AS MOOT.**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).**

**DATED** this **19th day of September 2024.**

/s/  *Barry A. Bryant*
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE